**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUINTON LAMAR FREEMAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4653** |
| | : | |
| **CAPSTONE LOGISTICS, LLC,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**PEREZ, J.**                                                    **DECEMBER 27th, 2023**

Currently before the Court is an Amended Complaint[1] filed by Plaintiff Quinton Lamar

Freeman against Capstone Logistics LLC and H.I.G. Capital, as well as Freeman's Motion for

Reconsideration of the Court's denial of his request to proceed *in forma pauperis*.  (ECF Nos. 5,

8.)  For the following reasons, the Court will grant Freeman's Motion, permit him to proceed *in*

*forma pauperis*, and dismiss his Amended Complaint without prejudice to amendment.

## I.      FACTUAL ALLEGATIONS[2]

Freeman's Amended Complaint is sparse.  It implies that Freeman is or was a small

business owner and that he and the Defendants had a contract related to that business, which

Freeman claims they breached.  (Am. Compl. at 3, 4.)  Freeman contends that the events giving

rise to his claims occurred on September 25, 2023, and October 11, 2023 at the Capstone

Terminal Warehouse in Aston, Pennsylvania.  (*Id.* at 3.)

---

[1] "[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  In other words, "the most recently filed amended complaint becomes the operative pleading." *Id.*

[2] The following allegations are taken from Freeman's Amended Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.

Freeman alleges that the Defendants "agreed on and provided contracts that were knowingly misrepresented," "did not liked to be questioned about legitimacy of [the] contracts" and "created a hostile work environment [of] lies as well as intimidation, irrational breaches of contracts to force a discontinuation of business." (*Id.* at 3.)  Freeman further alleges that the Defendants use these "tactics" against small business owners by providing "standard contract and rate agreements . . . disguise[d] as contracts" that "consistently contradict the original agreement signed." (*Id.*)  It appears Freeman questioned an operations manager "about the issues," received a response that "it didn't work like that," and was told that he "was always bringing up the contracts." (*Id.*)  Freeman contends that the contracts were then improperly terminated "due to personal conflict" rather than a breach.  (*Id.*)

Freeman claims that he lost money as a result of Defendants' actions, and that he suffered emotional distress, anxiety, and depression among other things.  (*Id.* at 4.)  He seeks $70 million to compensate him for lost wages, future earnings, and emotional distress.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Freeman's Motion for Reconsideration and permit him to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Freeman's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Freeman's motion provides clarifying information about his financial circumstances that suggests he cannot pay the fees in full at this time.  Accordingly, the Court will permit him to proceed *in forma pauperis* in this case.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Freeman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett*, 938 F.3d at 91. Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The

3

important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.    DISCUSSION

Freeman's Amended Complaint is best understood as raising a breach of contract claim against the Defendants pursuant to the Court's diversity jurisdiction.[4]  However, the Amended Complaint fails to comply with Rule 8 or state a claim because Freeman provides so few factual allegations about the bases for his claims that the Defendants could not meaningfully respond to his pleading.  "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).  However, Freeman does not describe the nature of his business, the business of the Defendants, the relevant terms of the contract among the parties, or the specific term or terms that were allegedly breached by the Defendants.  To the contrary, he offers only legal conclusions and "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]" that are insufficient to comply with Rule 8 or state a claim. *Iqbal*, 556 U.S. at 678.  Accordingly, his Amended Complaint is far too "vague and ambiguous" to proceed as pled. *Garrett*, 938 F.3d at 94.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for failure to comply with Rule

---

[4] For jurisdiction to exist under § 1332(a), "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States."  The Amended Complaint alleges that Freeman is a citizen of Pennsylvania and that the Defendants are citizens of Florida and Georgia.  (Am. Compl. at 3.)  Further, it appears that the amount in controversy is satisfied.  (*Id.* at 3, 4.)

8 and for failure to state a claim.  Freeman will be given leave to file a second amended complaint in the event he can state a plausible basis for a claim against the Defendants.  An appropriate Order follows, which provides further instruction about amendment.

BY THE COURT:

**MIA R. PEREZ, J.**