IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTON LAMAR FREEMAN,  :  <br>     Plaintiff,               : <br>                                           : <br>     v.                            : <br>                                           : <br> CAPSTONE LOGISTICS, LLC, *et al.*,  : <br>     Defendants.       : | CIVIL ACTION NO. 23-CV-4653 |

**MEMORANDUM**

**PEREZ, J.**                                                                                                           **JANUARY 26, 2024**

       Currently before the Court is a Second Amended Complaint ("SAC")[1] filed by Plaintiff Quinton Lamar Freeman against Capstone Logistics LLC ("Capstone") and others based on an alleged breach of contract. (ECF No. 12.) For the following reasons, the Court will dismiss Freeman's SAC for lack of jurisdiction without prejudice to Freeman filing a third amended complaint.

**I.**       **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

       Freeman initiated this civil action on November 22, 2023, by filing a Motion for Leave to Proceed *In Forma Pauperis* and a Complaint against Capstone asserting a breach of contract claim pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. (ECF Nos. 1, 2.) Eight days later, he filed an Amended Complaint that added H.I.G. Capital as a Defendant. (ECF No. 5.) The Court initially denied Freeman *in forma pauperis* status but reconsidered upon Freeman's motion and affidavit providing additional financial information. (ECF Nos. 7-11.)

---

[1] "[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). In other words, "the most recently filed amended complaint becomes the operative pleading." *Id.*

Having granted Freeman leave to proceed *in forma pauperis*, the Court was obligated to screen the operative Amended Complaint and dismiss it if, among other things, it failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The Amended Complaint allege[d] that Freeman is a citizen of Pennsylvania and that the Defendants are citizens of Florida and Georgia" and "it appear[ed] that the amount in controversy [was] satisfied," so the Court exercised diversity jurisdiction over Freeman's claims. *Freeman v. Capstone Logistics, LLC*, No. 23-4653, 2023 WL 8936341, at *2 n.4 (E.D. Pa. Dec. 27, 2023). However, the Court dismissed those claims for failure to comply with Federal Rule of Civil Procedure 8 and, relatedly, for failure to state a claim because Freeman "provide[d] so few factual allegations about the bases for his claims that the Defendants could not meaningfully respond to his pleading." *Id.* at *2. For instance, Freeman did not "describe the nature of his business, the business of the Defendants, the relevant terms of the contract among the parties, or the specific term or terms that were allegedly breached by the Defendants" and therefore failed to state a breach of contract claim. *Id.*

Freeman was given leave to file a second amended complaint, and he returned with the pending SAC, which asserts contract and tort claims based on Capstone's decision not to use Freeman on certain driving routes that Freeman claims he was entitled to serve by contract, resulting in the dissolution of the parties' business relationship. The SAC again names Capstone and H.I.G. Capital as Defendants, and adds five new Defendants — Shawn Bolling, Cesar Alvira, Carlos Chardon, Mark Babicz, and Jason Krajewski. (SAC at 1.)[2] Freeman alleges that "H.I.G. Capital is a global investment firm [with] corporate headquarters located in Miami Florida" and that H.I.G. Capital is Capstone's parent company. (*Id.*) Capstone is alleged to be

---

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

"a supply chain solutions company under H.I.G. Capital portfolio" with a "corporate office" in Georgia. (*Id.*)  Freeman identified the remaining Defendants as follows:  "Shawn Bolling [is a] Terminal Manager for Capstone Logistics, Cesar Alvira [is a] Warehouse Manager for Capstone Logistics, Carlos Chardon [is a] Freight Supervisor for Capstone Logistics, Mark Babicz [is a] Freight Supervisor for Capstone Logistics, [and] Jason Krajewski [is a] Freight Manager for Capstone Logistics." (*Id.* at 1-2.)  Freeman seeks damages in excess of $75,000.  (*Id.* at 22-23.)

## II.     STANDARD OF REVIEW

Since Freeman is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the SAC and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.  Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III.    DISCUSSION

Freeman brings contract and tort claims pursuant to Pennsylvania law, apparently pursuant to this Court's diversity jurisdiction.  (SAC at 1-2.)  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different States." 28 U.S.C. § 1332(a).  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).

In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420.  "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted).  However, a plaintiff need not affirmatively allege the citizenship of a defendant LLC at the pleading stage if he was unable to determine citizenship after a reasonable investigation.  *See Lincoln Benefit Life Co.*, 800 F.3d at 102.

In his SAC, which is the operative complaint in this case, Freeman alleges that he is a "resident" of Pennsylvania.  (SAC at 1); *see Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *Francis v. Felder*, 801 F. App'x 867, 869 (3d Cir. 2020) (*per curiam*) (looking to operative complaint to determine whether diversity was adequately alleged).  Residency, however, is not the same thing as citizenship — to the contrary, Freeman must allege his State of citizenship, rather than his State of residency, to adequately allege diversity jurisdiction.  *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting that use of the term "resident," rather than

4

"domiciliary" or "citizen," is an improper means of pleading citizenship for purposes of diversity jurisdiction); *see also Muchler v. Greenwald*, 624 F. App'x 794, 799 n.3 (3d Cir. 2015) (*per curiam*) ("As this Court has previously recognized, averments that parties are 'residents' of their respective states, rather than 'citizens' or 'domiciliaries' of those states, 'are jurisdictionally inadequate' for purposes of determining diversity of citizenship jurisdiction." (quoting *McNair*, 672 F.3d at 219 n.4)).

Nor has Freeman adequately alleged the Defendants' citizenship. He provides no allegations at all concerning the citizenship of the newly-added individual Defendants — Bolling, Alvira, Chardon, Babicz, and Krajewki — so it is not possible for the Court to determine whether the parties are completely diverse. *See Francis*, 801 F. App'x at 869 (jurisdictional allegations were inadequate where court could not determine whether parties were diverse where, even though initial complaint alleged citizenship of some parties, the citizenship of newly-added parties was not alleged in the pleadings) (citing *Shultz v. Cally*, 528 F.2d 470, 473 (3d Cir. 1975)).

Freeman has also failed to adequately allege the citizenship of Capstone and H.I.G. Capital. Freeman identifies Capstone as a limited liability company and identifies H.I.G. Capital as Capstone's "Parent Company." (SAC at 1, 24.) Accordingly, Capstone's citizenship must reflect H.I.G. Capital's citizenship as well as the citizenship of any other members of Capstone. However, it is not clear what type of corporate entity H.I.G. Capital is for purposes of the citizenship determination. Accordingly, the SAC's statement that H.I.G. has a "corporate headquarters located in Miami Florida" is insufficient to allege jurisdiction since it is not clear that H.I.G. is a corporation whose citizenship would be governed by its principal place of business and its State of incorporation. (*Id.*) Further, since Capstone is not a corporation, the

5

location of its "corporate office" is irrelevant for citizenship purposes. In sum, the citizenship of Capstone and H.I.G. Capital is not adequately pled in the SAC. *See, e.g.*, *Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (*per curiam*) ("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen."); *Johnson v. Wal-Mart Stores E., LP*, No. 20-02450, 2020 WL 3264066, at *3 (D.N.J. June 17, 2020) ("When a party to the action is an unincorporated association, an allegation of diversity of citizenship must include the citizenship of each of the association's members."). Nor does Freeman allege, at a minimum, that neither Capstone nor H.I.G. are citizens of Pennsylvania. *See Rose v. Husenaj*, 708 F. App'x 57, 59 (3d Cir. 2017) (*per curiam*) ("As explained by the District Court, Rose failed to plead the citizenship of Scoobies, LLC or the owners of Scoobies, LLC. Rose also failed to assert that Scoobies, LLC and the owners of Scoobies, LLC are not citizens of Pennsylvania.").

In sum, the SAC fails to allege that the parties are completely diverse. The Court therefore cannot exercise jurisdiction over this case.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the SAC without prejudice for lack of subject matter jurisdiction. Freeman will be given leave to file a third amended complaint in the event he can allege a basis for the Court's jurisdiction over his claims. Alternatively, he may opt to instead file his case in state court, where federal jurisdiction will not be an issue. An Order follows, which provides further instruction about amendment.

**BY THE COURT:**

**MIA R. PEREZ, J.**