IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINTON LAMAR FREEMAN,**    Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 23-CV-4653 |
| **CAPSTONE LOGISTICS, LLC,** *et al.*,    Defendants. | : : : | |

### MEMORANDUM

**PEREZ, J.**                                                                                                   **August 14th, 2024**

Currently before the Court is Plaintiff Quinton Lamar Freeman's Third Amended Complaint ("TAC"), along with the parties' responses to the Court's Order directing them to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. For the following reasons, the Court will dismiss this case for lack of jurisdiction because the parties are not diverse.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Freeman initiated this civil action on November 22, 2023, by filing a Motion for Leave to Proceed *In Forma Pauperis* and a Complaint against Capstone Logistics LLC ("Capstone") asserting a breach of contract claim pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. (ECF Nos. 1, 2.) Eight days later, he filed an Amended Complaint that added H.I.G. Capital as a Defendant. (ECF No. 5.) The Court initially denied Freeman *in forma pauperis* status but reconsidered upon Freeman's motion and affidavit providing additional financial information. (ECF Nos. 7-11.)

Having granted Freeman leave to proceed *in forma pauperis*, the Court was obligated to screen the operative Amended Complaint and dismiss it if, among other things, it failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d

Cir. 2019) (explaining that "an amended pleading supersedes the original pleading and renders the original pleading a nullity" such that "the most recently filed amended complaint becomes the operative pleading"). "The Amended Complaint allege[d] that Freeman is a citizen of Pennsylvania and that the Defendants are citizens of Florida and Georgia" and "it appear[ed] that the amount in controversy [was] satisfied," so the Court exercised diversity jurisdiction over Freeman's claims. *Freeman v. Capstone Logistics, LLC*, No. 23-4653, 2023 WL 8936341, at *2 n.4 (E.D. Pa. Dec. 27, 2023). However, the Court dismissed those claims for failure to comply with Federal Rule of Civil Procedure 8 and, relatedly, for failure to state a claim because Freeman "provide[d] so few factual allegations about the bases for his claims that the Defendants could not meaningfully respond to his pleading." *Id.* at *2. For instance, Freeman did not "describe the nature of his business, the business of the Defendants, the relevant terms of the contract among the parties, or the specific term or terms that were allegedly breached by the Defendants" and therefore failed to state a breach of contract claim. *Id.*

Freeman was given leave to file a second amended complaint, which he did. (ECF No. 12 ("SAC").) The SAC asserted contract and tort claims based on Capstone's decision not to use Freeman on certain driving routes that Freeman claimed he was entitled to serve by contract, resulting in the dissolution of the parties' business relationship. The SAC again named Capstone and H.I.G. Capital as Defendants, and added five new Defendants — Shawn Bolling, Cesar Alvira, Carlos Chardon, Mark Babicz, and Jason Krajewski — all identified as Capstone employees. (SAC at 1-2.)[1] Freeman alleged that "H.I.G. Capital is a global investment firm [with] corporate headquarters located in Miami Florida" and that H.I.G. Capital is Capstone's

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

parent company. (*Id.* at 1.) Capstone was alleged to be "a supply chain solutions company under H.I.G. Capital portfolio" with a "corporate office" in Georgia. (*Id.*)

The Court screened the SAC and dismissed it without prejudice for lack of subject matter jurisdiction on the basis that Freeman failed to adequately allege a basis for the Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332. *Freeman v. Capstone Logistics, LLC*, No. 23-4653, 2024 WL 308265, at *1-2 (E.D. Pa. Jan. 26, 2024). Although Freeman alleged that he was a resident of Pennsylvania, the Court explained that "Freeman must allege his State of citizenship, rather than his State of residency, to adequately allege diversity jurisdiction." *Id.* at *2. Additionally, Freeman "provide[d] no allegations at all concerning the citizenship of the . . . [Capstone employees] so it [was] not possible for the Court to determine whether the parties are completely diverse." *Id.* at *3. As for the entity-defendants:

> Freeman . . . failed to adequately allege the citizenship of Capstone and H.I.G. Capital. Freeman identifie[d] Capstone as a limited liability company and identifie[d] H.I.G. Capital as Capstone's "Parent Company." Accordingly, Capstone's citizenship must reflect H.I.G. Capital's citizenship as well as the citizenship of any other members of Capstone. However, it [was] not clear what type of corporate entity H.I.G. Capital is for purposes of the citizenship determination. Accordingly, the SAC's statement that H.I.G. has a "corporate headquarters located in Miami Florida" [was] insufficient to allege jurisdiction since it [was] not clear that H.I.G. is a corporation whose citizenship would be governed by its principal place of business and its State of incorporation. Further, since Capstone is not a corporation, the location of its "corporate office" [was] irrelevant for citizenship purposes. In sum, the citizenship of Capstone and H.I.G. Capital [was] not adequately pled in the SAC.

*Id.* at *3 (internal citations omitted).

Freeman was given leave to file a third amended complaint, which he did, naming the same Defendants and asserting contract and tort claims pursuant to the Court's diversity jurisdiction. (ECF No. 15 (TAC) at 1.) The TAC alleges that Freeman is a citizen of Delaware, that H.I.G. Capital is incorporated in Pennsylvania, that Capstone is incorporated in

Pennsylvania, and that the individual Defendants are citizens of Pennsylvania. (*Id.* at 1-4.) After receiving the TAC, the Court issued an order to show cause as to why the case should not be dismissed for lack of diversity jurisdiction. (ECF No. 16.) Freeman submitted a response in which he explained that he was domiciled in Delaware, that as best as he could discern H.I.G.'s managing partners were citizens of Florida, that Capstone's managing partners were citizens of Texas, and that the individual Defendants were citizens of Pennsylvania and New Jersey. (ECF No. 17.) Ultimately, the Court directed service of the TAC pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). (ECF Nos. 18, 20.)

Once they were served, the Defendants moved to dismiss the TAC. (ECF Nos. 25, 26.) After the motions were fully briefed and upon review, the Court directed the Defendants to file disclosure statements identifying their citizenship as required by Federal Rule of Civil Procedure 7.1(a)(2). (ECF No. 33.) Capstone and the individual Defendants filed a disclosure stating that Capstone is a Delaware LLC "owned by Capstone Acquisition Holding, Inc., a Delaware corporation with its principal place of business located in . . . [Georgia]" and was therefore a citizen of Delaware and Georgia. (ECF No. 34 at 1.) The individual Defendants were identified as citizens of Pennsylvania and New Jersey. (*Id.* at 1-2.) H.I.G. Capital's disclosure statement reflected that it was a Delaware LLC, the majority member of which is a Delaware limited partnership consisting of individuals who are citizens of New York, Florida, and California, and estate planning vehicles that are Delaware limited partnerships consisting of individuals who are also citizens of New York, Florida, and California. (ECF No. 37 at 1-2.) H.I.G. Capital's minority members are Delaware LLCs "whose members consist of various investment funds affiliated with Dyal Capital Partners (now known as Blue Owl GP Strategic Capital) that are set

4

up as limited partnerships," the limited partners of which include "at least seven (7) entities that are considered arms of a state" and that are "stateless" for diversity purposes.  (*Id.* at 2.)

After reviewing the responses, the Court directed Freeman to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction "because Plaintiff Freeman and at least one Defendants, Capstone Logistics, LLC, are both citizens of Delaware."  (ECF No. 38.)  Freeman filed a response essentially acknowledging that Capstone is a citizen of both Delaware and Georgia but emphasizing that its "nerve center" is in Georgia.  (ECF No. 39.)  The Defendants filed a reply noting that they already acknowledged that Capstone is a citizen of Georgia but that the fact it is also a citizen of Delaware deprives the Court of jurisdiction.  (ECF No. 40.)

## II.   STANDARD OF REVIEW

Since Freeman is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the TAC and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.  Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

**III.    DISCUSSION**

Freeman brings contract and tort claims under to Pennsylvania law pursuant to this Court's diversity jurisdiction. (TAC at 1.) District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted).

The record in this case reflects that Freeman is a citizen of Delaware. Accordingly, the Court can only exercise jurisdiction over this case if none of the Defendants are also citizens of Delaware.[2] Relevant here, Capstone is a limited liability company that is owned by a corporation, (ECF No. 34 at 1), which means that Capstone's citizenship must be traced through to the citizenship of that corporation. The corporation that owns Capstone is incorporated in Delaware and has a principal place of business in Georgia, (*id.*), so Capstone is a citizen of both

---

[2] The amount in controversy requirement is met here. (TAC at 25-26.)

of those states. *See, e.g.*, *Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (*per curiam*) ("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen."); *Johnson v. Wal-Mart Stores E., LP*, No. 20-02450, 2020 WL 3264066, at *3 (D.N.J. June 17, 2020) ("When a party to the action is an unincorporated association, an allegation of diversity of citizenship must include the citizenship of each of the association's members."); *see also* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Accordingly, the parties are not diverse because both Freeman and Capstone are citizens of Delaware, meaning this Court has no authority to hear Freeman's case.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the TAC without prejudice for lack of subject matter jurisdiction. Freeman will not be given further leave to amend, because amendment will be futile. However, the dismissal is without prejudice to Freeman refiling his lawsuit in state court should he choose to do so.[4] An Order follows, which shall be docketed separately in accordance with Federal Rule of Civil Procedure 58.

BY THE COURT:

*/s/ Mia R. Perez*

**HON. MIA R. PEREZ**

---

[3] Because the lack of diversity between Freeman and Capstone is dispositive, the Court need not consider the impact of H.I.G. Capital's citizenship.

[4] The Court expresses no opinion on the merits of Freeman's claims.